ROB BONTA
Attorney General of California
BENJAMIN G. DIEHL
Supervising Deputy Attorney General
CRISTINA M. MATSUSHIMA
Deputy Attorney General
State Bar No. 291220
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013-1230
 Telephone: (213) 269-6218
 Fax: (916) 731-2125
 E-mail: Cristina.Matsushima@doj.ca.gov
*Attorneys for Defendant Board of Trustees of the
California State University*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWIN HAMID NAHAVANDI,**<br><br>                                Plaintiff,<br><br>        **v.**<br><br>**BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (the State of California acting in its higher education capacity),**<br><br>                                Defendant. | 2:24-cv-03791 RGK(Ex)<br><br>**DISCOVERY MATTER: LOCAL RULE 37 JOINT STIPULATION IN SUPPORT OF DEFENDANT'S MOTION FOR TERMINATING SANCTIONS AND MONETARY SANCTIONS OR, IN THE ALTERNATIVE, EVIDENTIARY SANCTIONS**<br><br>Date:         March 28, 2025<br>Time:         9:30 a.m.<br>Courtroom:   750<br>Judge:        Magistrate Judge<br>                Charles F. Eick<br><br>Discovery Cutoff: April 11, 2025<br>Pretrial Conference: June 23, 2025<br>Trial Date:    July 8, 2025<br>Action Filed: May 7, 2024 |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTORY STATEMENTS..................................................................................4

    I.     Moving Party CSU.....................................................................................4

    II.    Opposing Party ...........................................................................................5

Initial Disclosures ............................................................................................................5

    I.     Moving Party's Requested Information – Initial Disclosures .............5

    II.    Responding Party's "Written Disclosures"..........................................5

    III.   Moving Party's Position ...........................................................................5

    IV.   Opposing Party's Position ........................................................................7

Special Interrogatories (Set 1) ........................................................................................7

    I.     Interrogatory No. 1 ...................................................................................7

    II.    Interrogatory No. 2 ...................................................................................9

    III.   Interrogatory No. 3 .................................................................................12

    IV.   Interrogatory No. 4 .................................................................................14

    V.    Interrogatory No. 5 .................................................................................17

    VI.   Interrogatory No. 6 .................................................................................19

    VII.  Interrogatory No. 7 .................................................................................21

    VIII. Interrogatory No. 8 .................................................................................24

    IX.   Interrogatory No. 9 .................................................................................26

    X.    Interrogatory No. 10 ...............................................................................29

    XI.   Interrogatory No. 11 ...............................................................................31

    XII.  Interrogatory No. 12 ...............................................................................34

    XIII. Interrogatory No. 13 ...............................................................................36

    XIV. Interrogatory No. 14 ...............................................................................38

    XV.  Interrogatory No. 15 ...............................................................................41

    XVI. Interrogatory No. 16 ...............................................................................43

    XVII. Interrogatory No. 17 ..............................................................................45

    XVIII.     Interrogatory No. 18 ...............................................................................48

    XIX. Interrogatory No. 19 ...............................................................................50

    XX.  Interrogatory No. 20 ...............................................................................52

    XXI. Interrogatory No. 21 ...............................................................................55

    XXII. Interrogatory No. 22 ..............................................................................57

    XXIII.     Interrogatory No. 23 ...............................................................................60

    XXIV.     Interrogatory No. 24 ...............................................................................62

# INTRODUCTORY STATEMENTS

## I.   MOVING PARTY CSU

Defendant Board of Trustees of the California State University (CSU or Moving Party) moves for sanctions against Plaintiff Edwin Hamid Nahavandi (Plaintiff) for his failure to comply with Magistrate Judge Charles F. Eick's Discovery Order, dated December 18, 2024, instructing Plaintiff to "serve written Rule 26(a) initial disclosures" and "serve without objection verified answers to the subject interrogatories[.]"  Discovery (Disc) Order 2-3, ECF 67; Matsushima Decl., **Ex. A**.  Plaintiff has failed to serve responses that comply with the Discovery Order or the applicable Federal Rules of Civil Procedure, which is tantamount to serving no responses at all.  Specifically, while Plaintiff's discovery responses vaguely reference his unverified Complaint and other Court filings, he fails to provide substantive information or identify with any specificity *where* in these documents the responsive information may be found.  *See* Matsushima Decl., **Exs. B-D**.

CSU respectfully requests terminating sanctions and attorney's fees or, in the alternative, evidentiary sanctions against Plaintiff.  Plaintiff's ongoing refusal to meaningfully participate in discovery in this matter has severely prejudiced CSU's ability to investigate the basis for his allegations, meaningful evaluate resolution options, or prepare its defense, and Plaintiff cannot be permitted to benefit from his impertinence and disregard for basic procedure.

Prior to bringing this motion, on January 27, 2025, CSU's counsel sent Plaintiff a letter detailing the deficiencies in his discovery responses.  Matsushima Decl., **Ex. E**.  The parties then conferred in person after Plaintiff's deposition on January 29, 2025.  Matsushima Decl., ¶¶ 12-13.  During the conference, CSU's counsel explained that Plaintiff's discovery responses were deficient, particularly because they only vaguely referenced his own Complaint and other filings without providing substantive responses or sufficient detail.  *Id.*  CSU's counsel expressly

noted that failure to provide compliant responses could result in monetary, terminating, or evidentiary sanctions. *Id.* Plaintiff, however, stated that he would not amend his interrogatory responses, and he affirmed that he was resting on the statements in his Complaint and other court filings. *Id.* This Motion follows.

The Moving Party's Position is restated almost verbatim regarding Special Interrogatory Nos. 2 through 24. CSU repeats its position as to each interrogatory solely to conform to the Local Rule 37-2.1 Joint Stipulation formatting requirements.

## II. OPPOSING PARTY

Plaintiff provided his response in a separate document. *See* Matsushima Decl., ¶ 18, Ex. I.

## INITIAL DISCLOSURES

## I. MOVING PARTY'S REQUESTED INFORMATION – INITIAL DISCLOSURES

Defendant requested written disclosures that comply with Federal Rules of Civil Procedure, rule 26 (a)(1)(A)(i), including "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]"

## II. RESPONDING PARTY'S "WRITTEN DISCLOSURES"

Plaintiff's written disclosures consist of his statement that "The entities along with the subjects of that information as characterized by Plaintiff's given information towards case number 2:24-cv-03791 serves as the true disclosure. Defendant CSU has records pertaining to this information under their control and custody, for possession."

## III. MOVING PARTY'S POSITION

Plaintiff has failed to provide written disclosures in compliance with the Federal Rules of Civil Procedure or this Court's Discovery Order. His "Written

Disclosures" are vague, nonresponsive, and incomprehensible, which is tantamount to serving no disclosure at all. Fed. R. Civ. P. 37(a)(4). Plaintiff's repeated failures to serve compliant responses thwarts the very purpose of discovery, which is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) (citing *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D.Cal.1998)).

Sanctions are appropriate here. "If a party fails to disclose information required by Rule 26 then exclusion of the evidence under Federal Rule of Civil Procedure 37 is proper 'unless the failure to disclose was substantially justified or harmless.'" *Santa Clarita Valley Water Agency v. Whittaker Corp.*, 99 F.4th 458, 470 (9th Cir. 2024) (quoting *Hoffman v. Constr. Protective Servs. Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)). Moreover, a terminating sanction is justified based upon a showing of "willfulness, bad faith, and fault." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (discussing the factors to consider when evaluating appropriateness of terminating sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v). The party facing sanctions "'carries the burden of demonstrating that the failure to comply with" disclosure rules "is substantially justified or harmless.'" *Haas v. Travelex Ins. Servs. Inc.*, 679 F. Supp. 3d 962, 966 (C.D. Cal. 2023) (quoting *Jarrow Formulas, Inc. v. Now Health Grp., Inc.*, No. CV 10-8301 PSG (JCx), 2012 WL 3186576, at *15 (C.D. Cal. Aug. 2, 2012)).

Plaintiff has failed to comply with the very basic requirements of Rule 26(a)(1)(A)(i), namely his duty to provide the names of individuals "likely to have discoverable information," which will help CSU investigate Plaintiff's claims and develop its own defense. In fact, despite initiating this action in May 2024, Plaintiff has provided *no substantive written responses at all*, either via Written Disclosure or in response to discovery requests. Plaintiff's failure to meaningfully

1  participate in the discovery process has prejudiced CSU's ability to evaluate and/or

2  resolve this dispute.  This matter cannot be tried on the merits because CSU

3  currently has no access to the "true facts" of the case, beyond the information

4  within its own possession.  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096.

5  Importantly, this Court already warned Plaintiff of the potential for sanctions,

6  including termination sanctions, that may result from his "failure timely to comply

7  fully" with the Court's Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima

8  Decl., Ex. A.

9      Due to Plaintiff's failure to comply with this Court's Discovery Order, CSU

10  seeks sanctions, including attorney's fees and dismissal of this action or, in the

11  alternative, an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P.

12  37(b)(2)(A)(ii), (v).

13  **IV.  OPPOSING PARTY'S POSITION**

14      Plaintiff provided his response in a separate document.  *See* Matsushima Decl.,

15  ¶ 18, Ex. I.

16  **SPECIAL INTERROGATORIES (SET 1)**

17  **I.  INTERROGATORY NO. 1**

18  **Interrogatory:**  IDENTIFY YOUR roommate(s), as referenced in paragraphs

19  10 through 15, 49, and 99 of the COMPLAINT.

20  **Response:**  Plaintiff, a witness to the events, provides this response based on

21  either his current recollection, memory, and information reasonably available, or its

22  entirety. Both roommates were pronounced as "KRIS-chen", as their names reflect

23  on such contextual pronunciation towards their legal names. Defendant CSU has

24  records pertaining to this information under their control and custody, for

25  possession, of all Plaintiff's roommates contextually pronounced as "KRIS-chen".

26  **Moving Party's Position:**  A party may serve on any other party written

27  interrogatories that "may relate to any matter that may be inquired into under Rule

28  26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

1   party to whom they are directed," and the answering party must sign the responses.

2   *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

3       In responding to discovery, an "evasive or incomplete disclosure, answer, or

4   response must be treated as a failure to . . . respond." *Id.* at Rule 37(a)(4).  Courts

5   have "unambiguously" rejected as deficient the assertion that the requested

6   information is already in the propounding party's possession.  *Nat'l Acad. of*

7   *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

8   Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

9   "'answer an interrogatory by specifying records from which the answers may be

10  obtained and by making the records available for inspection,'" a "party that elects

11  to avail itself of this option . . . must '*specify where in the records the answers*

12  *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313,

13  322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*

14  *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*

15  *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

16      If a party "fails to obey an order to provide or permit discovery," the court

17  may "issue further just orders," including:  prohibiting the disobedient party from

18  supporting or opposing designated claims or defenses, or from introducing

19  designated matters in evidence; striking pleadings in whole or in part; dismissing

20  the action or proceeding in whole or in part; or rendering a default judgment against

21  the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very

22  severe," is justified based upon a showing of "willfulness, bad faith, and fault."

23  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

24  when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most

25  critical factor to be considered in case-dispositive sanctions is whether 'a party's

26  discovery violations make it impossible for a court to be confident that the parties

27  will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

28  1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions

1   "'carries the burden of demonstrating that the failure to comply with" disclosure

2   rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

3   (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

4         Here, the Magistrate Judge previously found that CSU's interrogatories consist

5   of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

6   Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

7   the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

8   Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

9   response to each and every interrogatory referring to his prior court filings, which is

10  tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

11  repeated failures to serve compliant responses thwarts the very purpose of

12  discovery, which is "to remove surprise from trial preparation so the parties can

13  obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

14  *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

15        Plaintiff's failure to meaningfully participate in the discovery process has

16  prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

17  be tried on the merits because CSU currently has no access to the "true facts" of the

18  case, beyond the information within its own possession.  Importantly, this Court

19  already warned Plaintiff of the potential for sanctions, including termination

20  sanctions, that may result from his "failure timely to comply fully" with the Court's

21  Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

22  Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

23  sanctions including attorney's fees and dismissal of this action or, in the alternative,

24  an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

25        **Opposing Party's Position**:  Plaintiff provided his response in a separate

26  document.  *See* Matsushima Decl., ¶ 18, Ex. I.

27  **II.  INTERROGATORY NO. 2**

28        **Interrogatory**:  STATE ALL FACTS in support of YOUR allegation that

1    YOU experienced Antisemitic rhetoric and harassment from YOUR roommate(s).

2    **Response:** Plaintiff provides this response based on either his current

3    recollection, memory, and information reasonably available, or its entirety.

4    Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

5    allegation, as characterized by this interrogatory, but rather is factual. On the basis

6    of Plaintiff's previously stated emphasis aforementioned above, the claims in

7    Plaintiff's *Complaint* serve as the true integrity of the response to this interrogatory.

8    **Moving Party's Position:** A party may serve on any other party written

9    interrogatories that "may relate to any matter that may be inquired into under Rule

10    26(b)." Fed. R. Civ. P. 33(a). "The interrogatories must be answered . . . by the

11    party to whom they are directed," and the answering party must sign the responses.

12    *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

13    In responding to discovery, an "evasive or incomplete disclosure, answer, or

14    response must be treated as a failure to . . . respond." *Id.* at Rule 37(a)(4). Courts

15    have "unambiguously" rejected as deficient the assertion that the requested

16    information is already in the propounding party's possession. *Nat'l Acad. of*

17    *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

18    Cal. 2009). Moreover, although Rule 33(d) permits the responding party to

19    "'answer an interrogatory by specifying records from which the answers may be

20    obtained and by making the records available for inspection,'" a "party that elects

21    to avail itself of this option . . . must '*specify where in the records the answers*

22    *[can] be found*.'" *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313,

23    322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*

24    *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*

25    *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

26    If a party "fails to obey an order to provide or permit discovery," the court

27    may "issue further just orders," including: prohibiting the disobedient party from

28    supporting or opposing designated claims or defenses, or from introducing

designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party. Rule 37(b)(2)(A). A terminating sanction, while "very severe," is justified based upon a showing of "willfulness, bad faith, and fault." *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v). "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058. The party facing the sanctions "'carries the burden of demonstrating that the failure to comply with" disclosure rules "is substantially justified or harmless.'" *Haas,* 679 F. Supp. 3d at 966 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist of nonprivileged matters that are relevant to a party's claim or defense, pursuant to Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to the subject interrogatories[.]" Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A. Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive response to each and every interrogatory referring to his prior court filings, which is tantamount to a complete failure to respond. Fed. R. Civ. P. 37(a)(4). Plaintiff's repeated failures to serve compliant responses thwarts the very purpose of discovery, which is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has prejudiced CSU's ability to evaluate and/or resolve this dispute. This matter cannot be tried on the merits because CSU currently has no access to the "true facts" of the case, beyond the information within its own possession. Importantly, this Court

1   already warned Plaintiff of the potential for sanctions, including termination

2   sanctions, that may result from his "failure timely to comply fully" with the Court's

3   Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

4   Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

5   sanctions including attorney's fees and dismissal of this action or, in the alternative,

6   an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

7       **Opposing Party's Position**:  Plaintiff provided his response in a separate

8   document.  *See* Matsushima Decl., ¶ 18, Ex. I.

9   **III.  INTERROGATORY NO. 3**

10      **Interrogatory:**  IDENTIFY all CSU faculty and staff who YOU allege

11  harassed, threatened, and/or discriminated against YOU based on YOUR race,

12  religion, and/or national origin.

13      **Response:** Plaintiff provides this response based on either his current

14  recollection, memory, and information reasonably available, or its entirety.

15  Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

16  allegation, as characterized by this interrogatory, but rather is factual. On the basis

17  of Plaintiff's previously stated emphasis aforementioned above, the entities in

18  Plaintiff's *Complaint* serve as the true integrity of the response to this interrogatory.

19      **Moving Party's Position:**  A party may serve on any other party written

20  interrogatories that "may relate to any matter that may be inquired into under Rule

21  26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

22  party to whom they are directed," and the answering party must sign the responses.

23  *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

24      In responding to discovery, an "evasive or incomplete disclosure, answer, or

25  response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

26  have "unambiguously" rejected as deficient the assertion that the requested

27  information is already in the propounding party's possession.  *Nat'l Acad. of*

28  *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

12

Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to "'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including:  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very severe," is justified based upon a showing of "willfulness, bad faith, and fault."  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions "'carries the burden of demonstrating that the failure to comply with" disclosure rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist of nonprivileged matters that are relevant to a party's claim or defense, pursuant to Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

1  Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive
2  response to each and every interrogatory referring to his prior court filings, which is
3  tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's
4  repeated failures to serve compliant responses thwarts the very purpose of
5  discovery, which is "to remove surprise from trial preparation so the parties can
6  obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel.*
7  *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

8      Plaintiff's failure to meaningfully participate in the discovery process has
9  prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot
10  be tried on the merits because CSU currently has no access to the "true facts" of the
11  case, beyond the information within its own possession.  Importantly, this Court
12  already warned Plaintiff of the potential for sanctions, including termination
13  sanctions, that may result from his "failure timely to comply fully" with the Court's
14  Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to
15  Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks
16  sanctions including attorney's fees and dismissal of this action or, in the alternative,
17  an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

18      **Opposing Party's Position**:  Plaintiff provided his response in a separate
19  document.  *See* Matsushima Decl., ¶ 18, Ex. I.

20  **IV.  INTERROGATORY NO. 4**

21      **Interrogatory**:  If YOU contend that CSU retaliated against YOU due to
22  YOUR race, religion, or national origin, STATE ALL FACTS in support of YOUR
23  contention.

24      **Response**:  Plaintiff provides this response based on either his current
25  recollection, memory, and information reasonably available, or its entirety.
26  Plaintiff, a witness to the events, specifically reaffirms to the entirety of all his
27  given information towards case number 2:24-cv-03791 as the true integrity of the
28  response to this interrogatory.

**Moving Party's Position:**  A party may serve on any other party written interrogatories that "may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the party to whom they are directed," and the answering party must sign the responses. *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . respond." *Id.* at Rule 37(a)(4).  Courts have "unambiguously" rejected as deficient the assertion that the requested information is already in the propounding party's possession. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to "'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found.*'" *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including:  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very severe," is justified based upon a showing of "willfulness, bad faith, and fault." *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's

discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions "'carries the burden of demonstrating that the failure to comply with" disclosure rules "is substantially justified or harmless.'" *Haas,* 679 F. Supp. 3d at 966 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist of nonprivileged matters that are relevant to a party's claim or defense, pursuant to Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A. Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive response to each and every interrogatory referring to his prior court filings, which is tantamount to a complete failure to respond. Fed. R. Civ. P. 37(a)(4).  Plaintiff's repeated failures to serve compliant responses thwarts the very purpose of discovery, which is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot be tried on the merits because CSU currently has no access to the "true facts" of the case, beyond the information within its own possession.  Importantly, this Court already warned Plaintiff of the potential for sanctions, including termination sanctions, that may result from his "failure timely to comply fully" with the Court's Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks sanctions including attorney's fees and dismissal of this action or, in the alternative, an order excluding Plaintiff's evidence at trial. Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**:  Plaintiff provided his response in a separate

1    document.  *See* Matsushima Decl., ¶ 18, Ex. I.

2    **V.    INTERROGATORY NO. 5**

3        <u>**Interrogatory**</u>:  IDENTIFY all CSU students who YOU allege harassed,

4    threatened, or discriminated against YOU based on YOUR race, religion, and/or

5    national origin.

6        <u>**Response**</u>:  Plaintiff provides this response based on either his current

7    recollection, memory, and information reasonably available, or its entirety.

8    Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

9    allegation, as characterized by this interrogatory, but rather is factual. On the basis

10   of Plaintiff's previously stated emphasis aforementioned above, Plaintiff

11   specifically reaffirms to the entirety of all his given information towards case

12   number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

13       <u>**Moving Party's Position**</u>:  A party may serve on any other party written

14   interrogatories that "may relate to any matter that may be inquired into under Rule

15   26(b)." Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

16   party to whom they are directed," and the answering party must sign the responses.

17   *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

18       In responding to discovery, an "evasive or incomplete disclosure, answer, or

19   response must be treated as a failure to . . . respond." *Id.* at Rule 37(a)(4).  Courts

20   have "unambiguously" rejected as deficient the assertion that the requested

21   information is already in the propounding party's possession. *Nat'l Acad. of*

22   *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

23   Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

24   "'answer an interrogatory by specifying records from which the answers may be

25   obtained and by making the records available for inspection,'" a "party that elects

26   to avail itself of this option . . . must '*specify where in the records the answers*

27   *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313,

28   322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*

1  *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*
2  *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

3      If a party "fails to obey an order to provide or permit discovery," the court
4  may "issue further just orders," including:  prohibiting the disobedient party from
5  supporting or opposing designated claims or defenses, or from introducing
6  designated matters in evidence; striking pleadings in whole or in part; dismissing
7  the action or proceeding in whole or in part; or rendering a default judgment against
8  the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very
9  severe," is justified based upon a showing of "willfulness, bad faith, and fault."
10  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider
11  when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most
12  critical factor to be considered in case-dispositive sanctions is whether 'a party's
13  discovery violations make it impossible for a court to be confident that the parties
14  will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at
15  1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions
16  "'carries the burden of demonstrating that the failure to comply with" disclosure
17  rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966
18  (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

19      Here, the Magistrate Judge previously found that CSU's interrogatories consist
20  of nonprivileged matters that are relevant to a party's claim or defense, pursuant to
21  Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to
22  the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.
23  Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive
24  response to each and every interrogatory referring to his prior court filings, which is
25  tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's
26  repeated failures to serve compliant responses thwarts the very purpose of
27  discovery, which is "to remove surprise from trial preparation so the parties can
28  obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

1   *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

2       Plaintiff's failure to meaningfully participate in the discovery process has

3   prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

4   be tried on the merits because CSU currently has no access to the "true facts" of the

5   case, beyond the information within its own possession.  Importantly, this Court

6   already warned Plaintiff of the potential for sanctions, including termination

7   sanctions, that may result from his "failure timely to comply fully" with the Court's

8   Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

9   Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

10  sanctions including attorney's fees and dismissal of this action or, in the alternative,

11  an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

12      **Opposing Party's Position**:  Plaintiff provided his response in a separate

13  document.  *See* Matsushima Decl., ¶ 18, Ex. I.

14  **VI.  INTERROGATORY NO. 6**

15      **Interrogatory**:  STATE ALL FACTS in support of YOUR assertion in

16  paragraph 38 of the COMPLAINT that YOU were worried RAMIREZ and the

17  Office of the Vice President for Student Affairs "might refuse to enforce the CSU's

18  policies, and retaliate back[.]"

19      **Response**:  Plaintiff provides this response based on either his current

20  recollection, memory, and information reasonably available, or its entirety.

21  Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

22  allegation, as characterized by this interrogatory, but rather is factual. On the basis

23  of Plaintiff's previously stated emphasis aforementioned above, Plaintiff

24  specifically reaffirms that his *Complaint* serves as the true integrity of the response

25  to this interrogatory.

26      **Moving Party's Position**:  A party may serve on any other party written

27  interrogatories that "may relate to any matter that may be inquired into under Rule

28  26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

party to whom they are directed," and the answering party must sign the responses. *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . respond." *Id.* at Rule 37(a)(4). Courts have "unambiguously" rejected as deficient the assertion that the requested information is already in the propounding party's possession. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009). Moreover, although Rule 33(d) permits the responding party to "'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found*.'" *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including: prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party. Rule 37(b)(2)(A). A terminating sanction, while "very severe," is justified based upon a showing of "willfulness, bad faith, and fault." *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1096 (discussing the factors to consider when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v). "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058. The party facing the sanctions

1    "'carries the burden of demonstrating that the failure to comply with" disclosure

2    rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

3    (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

4        Here, the Magistrate Judge previously found that CSU's interrogatories consist

5    of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

6    Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

7    the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

8    Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

9    response to each and every interrogatory referring to his prior court filings, which is

10   tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

11   repeated failures to serve compliant responses thwarts the very purpose of

12   discovery, which is "to remove surprise from trial preparation so the parties can

13   obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

14   *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

15       Plaintiff's failure to meaningfully participate in the discovery process has

16   prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

17   be tried on the merits because CSU currently has no access to the "true facts" of the

18   case, beyond the information within its own possession.  Importantly, this Court

19   already warned Plaintiff of the potential for sanctions, including termination

20   sanctions, that may result from his "failure timely to comply fully" with the Court's

21   Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

22   Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

23   sanctions including attorney's fees and dismissal of this action or, in the alternative,

24   an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

25       **Opposing Party's Position**:  Plaintiff provided his response in a separate

26   document.  *See* Matsushima Decl., ¶ 18, Ex. I.

27   **VII. INTERROGATORY NO. 7**

28       **Interrogatory:**  STATE ALL FACTS in support of YOUR contention that a

CSU student "wanted to physically harm" YOU, YOUR "Jewish religion and community, and place of worship, which has children," as referenced in paragraph 38 of the COMPLAINT.

**Response:**  Plaintiff provides this response based on either his current recollection, memory, and information reasonably available, or its entirety. Plaintiff, a witness to the events, specifically reaffirms to the entirety of all his given information towards case number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

**Moving Party's Position:**  A party may serve on any other party written interrogatories that "may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the party to whom they are directed," and the answering party must sign the responses. *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts have "unambiguously" rejected as deficient the assertion that the requested information is already in the propounding party's possession.  *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to "'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including:  prohibiting the disobedient party from

1  supporting or opposing designated claims or defenses, or from introducing

2  designated matters in evidence; striking pleadings in whole or in part; dismissing

3  the action or proceeding in whole or in part; or rendering a default judgment against

4  the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very

5  severe," is justified based upon a showing of "willfulness, bad faith, and fault."

6  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

7  when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most

8  critical factor to be considered in case-dispositive sanctions is whether 'a party's

9  discovery violations make it impossible for a court to be confident that the parties

10 will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

11 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions

12 "'carries the burden of demonstrating that the failure to comply with" disclosure

13 rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

14 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

15   Here, the Magistrate Judge previously found that CSU's interrogatories consist

16 of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

17 Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

18 the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

19 Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

20 response to each and every interrogatory referring to his prior court filings, which is

21 tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

22 repeated failures to serve compliant responses thwarts the very purpose of

23 discovery, which is "to remove surprise from trial preparation so the parties can

24 obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

25 *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

26   Plaintiff's failure to meaningfully participate in the discovery process has

27 prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

28 be tried on the merits because CSU currently has no access to the "true facts" of the

case, beyond the information within its own possession.  Importantly, this Court already warned Plaintiff of the potential for sanctions, including termination sanctions, that may result from his "failure timely to comply fully" with the Court's Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks sanctions including attorney's fees and dismissal of this action or, in the alternative, an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**:  Plaintiff provided his response in a separate document.  *See* Matsushima Decl., ¶ 18, Ex. I.

## VIII. INTERROGATORY NO. 8

**Interrogatory:**  STATE ALL FACTS in support of YOUR contention that YOU received death threats from a CSU student.

**Response:**  Plaintiff provides this response based on either his current recollection, memory, and information reasonably available, or its entirety.  Plaintiff, a witness to the events, specifically reaffirms to the entirety of all his given information towards case number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

**Moving Party's Position:**  A party may serve on any other party written interrogatories that "may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the party to whom they are directed," and the answering party must sign the responses.  *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts have "unambiguously" rejected as deficient the assertion that the requested information is already in the propounding party's possession.  *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events*, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

"'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including:  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very severe," is justified based upon a showing of "willfulness, bad faith, and fault." *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions "'carries the burden of demonstrating that the failure to comply with" disclosure rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist of nonprivileged matters that are relevant to a party's claim or defense, pursuant to Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A. Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

response to each and every interrogatory referring to his prior court filings, which is tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's repeated failures to serve compliant responses thwarts the very purpose of discovery, which is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel. Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot be tried on the merits because CSU currently has no access to the "true facts" of the case, beyond the information within its own possession.  Importantly, this Court already warned Plaintiff of the potential for sanctions, including termination sanctions, that may result from his "failure timely to comply fully" with the Court's Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks sanctions including attorney's fees and dismissal of this action or, in the alternative, an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**:  Plaintiff provided his response in a separate document.  *See* Matsushima Decl., ¶ 18, Ex. I.

### IX.   INTERROGATORY NO. 9

**Interrogatory:**  If YOU allege that YOU were subjected to antisemitic discrimination, harassment, or hate speech, STATE ALL FACTS in support of YOUR contention, including a description of the action itself, contents of such speech, the actor or speaker, and the time and location of the interaction.

**Response:**  Plaintiff provides this response based on either his current recollection, memory, and information reasonably available, or its entirety. Plaintiff, a witness to the events, specifically emphasizes that his claims are not an allegation, as characterized by this interrogatory, but rather is factual. On the basis of Plaintiff's previously stated emphasis aforementioned above, Plaintiff

1    specifically reaffirms to the entirety of all his given information towards case

2    number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

3        **Moving Party's Position:**    A party may serve on any other party written

4    interrogatories that "may relate to any matter that may be inquired into under Rule

5    26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

6    party to whom they are directed," and the answering party must sign the responses.

7    *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

8        In responding to discovery, an "evasive or incomplete disclosure, answer, or

9    response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

10   have "unambiguously" rejected as deficient the assertion that the requested

11   information is already in the propounding party's possession.  *Nat'l Acad. of*

12   *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

13   Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

14   "'answer an interrogatory by specifying records from which the answers may be

15   obtained and by making the records available for inspection,'" a "party that elects

16   to avail itself of this option . . . must '*specify where in the records the answers*

17   *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313,

18   322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*

19   *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*

20   *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

21       If a party "fails to obey an order to provide or permit discovery," the court

22   may "issue further just orders," including:  prohibiting the disobedient party from

23   supporting or opposing designated claims or defenses, or from introducing

24   designated matters in evidence; striking pleadings in whole or in part; dismissing

25   the action or proceeding in whole or in part; or rendering a default judgment against

26   the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very

27   severe," is justified based upon a showing of "willfulness, bad faith, and fault."

28   *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

1  when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most

2  critical factor to be considered in case-dispositive sanctions is whether 'a party's

3  discovery violations make it impossible for a court to be confident that the parties

4  will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

5  1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions

6  "'carries the burden of demonstrating that the failure to comply with" disclosure

7  rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

8  (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

9       Here, the Magistrate Judge previously found that CSU's interrogatories consist

10  of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

11  Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

12  the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

13  Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

14  response to each and every interrogatory referring to his prior court filings, which is

15  tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

16  repeated failures to serve compliant responses thwarts the very purpose of

17  discovery, which is "to remove surprise from trial preparation so the parties can

18  obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

19  *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

20       Plaintiff's failure to meaningfully participate in the discovery process has

21  prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

22  be tried on the merits because CSU currently has no access to the "true facts" of the

23  case, beyond the information within its own possession.  Importantly, this Court

24  already warned Plaintiff of the potential for sanctions, including termination

25  sanctions, that may result from his "failure timely to comply fully" with the Court's

26  Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

27  Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

28  sanctions including attorney's fees and dismissal of this action or, in the alternative,

1  an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

2  **Opposing Party's Position**:  Plaintiff provided his response in a separate

3  document.  *See* Matsushima Decl., ¶ 18, Ex. I.

4  **X.    INTERROGATORY NO. 10**

5  **Interrogatory:**  STATE ALL FACTS in support of YOUR contention that

6  YOU were "scared to go into campus at night due to the fear of being harmed," as

7  alleged in paragraph 47 of the COMPLAINT.

8  **Response:**  Plaintiff provides this response based on either his current

9  recollection, memory, and information reasonably available, or its entirety.

10  Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

11  allegation, as characterized by this interrogatory, but rather is factual. On the basis

12  of Plaintiff's previously stated emphasis aforementioned above, Plaintiff

13  specifically reaffirms to the entirety of all his given information towards case

14  number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

15  **Moving Party's Position:**  A party may serve on any other party written

16  interrogatories that "may relate to any matter that may be inquired into under Rule

17  26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

18  party to whom they are directed," and the answering party must sign the responses.

19  *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

20  In responding to discovery, an "evasive or incomplete disclosure, answer, or

21  response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

22  have "unambiguously" rejected as deficient the assertion that the requested

23  information is already in the propounding party's possession.  *Nat'l Acad. of*

24  *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

25  Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

26  "'answer an interrogatory by specifying records from which the answers may be

27  obtained and by making the records available for inspection,'" a "party that elects

28  to avail itself of this option . . . must '*specify where in the records the answers*

1   *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313,

2   322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*

3   *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*

4   *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

5        If a party "fails to obey an order to provide or permit discovery," the court

6   may "issue further just orders," including:  prohibiting the disobedient party from

7   supporting or opposing designated claims or defenses, or from introducing

8   designated matters in evidence; striking pleadings in whole or in part; dismissing

9   the action or proceeding in whole or in part; or rendering a default judgment against

10  the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very

11  severe," is justified based upon a showing of "willfulness, bad faith, and fault."

12  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

13  when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most

14  critical factor to be considered in case-dispositive sanctions is whether 'a party's

15  discovery violations make it impossible for a court to be confident that the parties

16  will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

17  1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions

18  "'carries the burden of demonstrating that the failure to comply with" disclosure

19  rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

20  (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

21       Here, the Magistrate Judge previously found that CSU's interrogatories consist

22  of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

23  Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

24  the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

25  Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

26  response to each and every interrogatory referring to his prior court filings, which is

27  tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

28  repeated failures to serve compliant responses thwarts the very purpose of

1  discovery, which is "to remove surprise from trial preparation so the parties can

2  obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

3  *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

4      Plaintiff's failure to meaningfully participate in the discovery process has

5  prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

6  be tried on the merits because CSU currently has no access to the "true facts" of the

7  case, beyond the information within its own possession.  Importantly, this Court

8  already warned Plaintiff of the potential for sanctions, including termination

9  sanctions, that may result from his "failure timely to comply fully" with the Court's

10  Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

11  Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

12  sanctions including attorney's fees and dismissal of this action or, in the alternative,

13  an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

14      **Opposing Party's Position**:  Plaintiff provided his response in a separate

15  document.  *See* Matsushima Decl., ¶ 18, Ex. I.

16  **XI.  INTERROGATORY NO. 11**

17      **Interrogatory:**  STATE ALL FACTS in support of YOUR allegations that

18  CSU prevented YOU from filing complaints and/or reports regarding antisemitic

19  harassment and discrimination.

20      **Response:**  Plaintiff provides this response based on either his current

21  recollection, memory, and information reasonably available, or its entirety.

22  Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

23  allegation, as characterized by this interrogatory, but rather is factual. On the basis

24  of Plaintiff's previously stated emphasis aforementioned above, Plaintiff

25  specifically reaffirms that his *Complaint* serves as the true integrity of the response

26  to this interrogatory.

27      **Moving Party's Position:**  A party may serve on any other party written

28  interrogatories that "may relate to any matter that may be inquired into under Rule

1  26(b)." Fed. R. Civ. P. 33(a). "The interrogatories must be answered . . . by the

2  party to whom they are directed," and the answering party must sign the responses.

3  *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

4      In responding to discovery, an "evasive or incomplete disclosure, answer, or

5  response must be treated as a failure to . . . respond." *Id.* at Rule 37(a)(4). Courts

6  have "unambiguously" rejected as deficient the assertion that the requested

7  information is already in the propounding party's possession. *Nat'l Acad. of

8  Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

9  Cal. 2009). Moreover, although Rule 33(d) permits the responding party to

10  "'answer an interrogatory by specifying records from which the answers may be

11  obtained and by making the records available for inspection,'" a "party that elects

12  to avail itself of this option . . . must '*specify where in the records the answers

13  [can] be found*.'" *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313,

14  322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada

15  Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney

16  Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

17      If a party "fails to obey an order to provide or permit discovery," the court

18  may "issue further just orders," including: prohibiting the disobedient party from

19  supporting or opposing designated claims or defenses, or from introducing

20  designated matters in evidence; striking pleadings in whole or in part; dismissing

21  the action or proceeding in whole or in part; or rendering a default judgment against

22  the disobedient party. Rule 37(b)(2)(A). A terminating sanction, while "very

23  severe," is justified based upon a showing of "willfulness, bad faith, and fault."

24  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

25  when evaluating termination sanctions; Fed. R. Civ. P. 37(b)(2)(A)(v). "The most

26  critical factor to be considered in case-dispositive sanctions is whether 'a party's

27  discovery violations make it impossible for a court to be confident that the parties

28  will ever have access to the true facts.'" *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions

"'carries the burden of demonstrating that the failure to comply with" disclosure

rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

(quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist

of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

response to each and every interrogatory referring to his prior court filings, which is

tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

repeated failures to serve compliant responses thwarts the very purpose of

discovery, which is "to remove surprise from trial preparation so the parties can

obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

*Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has

prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

be tried on the merits because CSU currently has no access to the "true facts" of the

case, beyond the information within its own possession.  Importantly, this Court

already warned Plaintiff of the potential for sanctions, including termination

sanctions, that may result from his "failure timely to comply fully" with the Court's

Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

sanctions including attorney's fees and dismissal of this action or, in the alternative,

an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**:  Plaintiff provided his response in a separate

document. *See* Matsushima Decl., ¶ 18, Ex. I.

**XII. INTERROGATORY NO. 12**

**Interrogatory:**  STATE ALL FACTS in support of YOUR allegation that YOUR kippah and tefillin were stolen, as alleged in paragraph 50 of the COMPLAINT.

**Response:**  Plaintiff provides this response based on either his current recollection, memory, and information reasonably available, or its entirety. Plaintiff, a witness to the events, specifically emphasizes that his claims are not an allegation, as characterized by this interrogatory, but rather is factual. On the basis of Plaintiff's previously stated emphasis aforementioned above, Plaintiff specifically reaffirms that his *Complaint* serves as the true integrity of the response to this interrogatory.

**Moving Party's Position:**  A party may serve on any other party written interrogatories that "may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the party to whom they are directed," and the answering party must sign the responses. *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts have "unambiguously" rejected as deficient the assertion that the requested information is already in the propounding party's possession. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to "'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*

1    *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

2      If a party "fails to obey an order to provide or permit discovery," the court

3 may "issue further just orders," including: prohibiting the disobedient party from

4 supporting or opposing designated claims or defenses, or from introducing

5 designated matters in evidence; striking pleadings in whole or in part; dismissing

6 the action or proceeding in whole or in part; or rendering a default judgment against

7 the disobedient party. Rule 37(b)(2)(A). A terminating sanction, while "very

8 severe," is justified based upon a showing of "willfulness, bad faith, and fault."

9 *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

10 when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v). "The most

11 critical factor to be considered in case-dispositive sanctions is whether 'a party's

12 discovery violations make it impossible for a court to be confident that the parties

13 will ever have access to the true facts.'" *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

14 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058. The party facing the sanctions

15 "'carries the burden of demonstrating that the failure to comply with" disclosure

16 rules "is substantially justified or harmless.'" *Haas,* 679 F. Supp. 3d at 966

17 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

18      Here, the Magistrate Judge previously found that CSU's interrogatories consist

19 of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

20 Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

21 the subject interrogatories[.]" Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

22 Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

23 response to each and every interrogatory referring to his prior court filings, which is

24 tantamount to a complete failure to respond. Fed. R. Civ. P. 37(a)(4). Plaintiff's

25 repeated failures to serve compliant responses thwarts the very purpose of

26 discovery, which is "to remove surprise from trial preparation so the parties can

27 obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel.*

28 *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot be tried on the merits because CSU currently has no access to the "true facts" of the case, beyond the information within its own possession.  Importantly, this Court already warned Plaintiff of the potential for sanctions, including termination sanctions, that may result from his "failure timely to comply fully" with the Court's Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks sanctions including attorney's fees and dismissal of this action or, in the alternative, an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**:  Plaintiff provided his response in a separate document.  *See* Matsushima Decl., ¶ 18, Ex. I.

## XIII.  INTERROGATORY NO. 13

**Interrogatory:** STATE ALL FACTS in support of YOUR contention that CSUN "allow[ed] Antisemitism," as stated in paragraph 55 of the COMPLAINT.

**Response:**  Plaintiff provides this response based on either his current recollection, memory, and information reasonably available, or its entirety.  Plaintiff, a witness to the events, specifically reaffirms to the entirety of all his given information towards case number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

**Moving Party's Position:**  A party may serve on any other party written interrogatories that "may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the party to whom they are directed," and the answering party must sign the responses.  *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts have "unambiguously" rejected as deficient the assertion that the requested

1  information is already in the propounding party's possession.  *Nat'l Acad. of*
2  *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.
3  Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to
4  "'answer an interrogatory by specifying records from which the answers may be
5  obtained and by making the records available for inspection,'" a "party that elects
6  to avail itself of this option . . . must '*specify where in the records the answers*
7  *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313,
8  322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*
9  *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*
10  *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

11      If a party "fails to obey an order to provide or permit discovery," the court
12  may "issue further just orders," including:  prohibiting the disobedient party from
13  supporting or opposing designated claims or defenses, or from introducing
14  designated matters in evidence; striking pleadings in whole or in part; dismissing
15  the action or proceeding in whole or in part; or rendering a default judgment against
16  the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very
17  severe," is justified based upon a showing of "willfulness, bad faith, and fault."
18  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider
19  when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most
20  critical factor to be considered in case-dispositive sanctions is whether 'a party's
21  discovery violations make it impossible for a court to be confident that the parties
22  will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at
23  1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions
24  "'carries the burden of demonstrating that the failure to comply with" disclosure
25  rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966
26  (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

27      Here, the Magistrate Judge previously found that CSU's interrogatories consist
28  of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

37

1  Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to
2  the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.
3  Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive
4  response to each and every interrogatory referring to his prior court filings, which is
5  tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's
6  repeated failures to serve compliant responses thwarts the very purpose of
7  discovery, which is "to remove surprise from trial preparation so the parties can
8  obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*
9  *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

10       Plaintiff's failure to meaningfully participate in the discovery process has
11  prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot
12  be tried on the merits because CSU currently has no access to the "true facts" of the
13  case, beyond the information within its own possession.  Importantly, this Court
14  already warned Plaintiff of the potential for sanctions, including termination
15  sanctions, that may result from his "failure timely to comply fully" with the Court's
16  Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to
17  Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks
18  sanctions including attorney's fees and dismissal of this action or, in the alternative,
19  an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

20       **Opposing Party's Position**:  Plaintiff provided his response in a separate
21  document.  *See* Matsushima Decl., ¶ 18, Ex. I.

22  **XIV.  INTERROGATORY NO. 14**

23       **Interrogatory:**  STATE ALL FACTS RELATING TO the "Antisemitic
24  attacks towards Jewish people" referenced in paragraph 57 of the COMPLAINT.

25       **Response:**  Plaintiff provides this response based on either his current
26  recollection, memory, and information reasonably available, or its entirety.
27  Plaintiff, a witness to the events, specifically reaffirms to the entirety of all his
28  given information towards case number 2:24-cv-03791 as the true integrity of the

1   response to this interrogatory.

2       **Moving Party's Position:**  A party may serve on any other party written

3   interrogatories that "may relate to any matter that may be inquired into under Rule

4   26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

5   party to whom they are directed," and the answering party must sign the responses.

6   *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

7       In responding to discovery, an "evasive or incomplete disclosure, answer, or

8   response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

9   have "unambiguously" rejected as deficient the assertion that the requested

10  information is already in the propounding party's possession.  *Nat'l Acad. of*

11  *Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D.

12  Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

13  "'answer an interrogatory by specifying records from which the answers may be

14  obtained and by making the records available for inspection,'" a "party that elects

15  to avail itself of this option . . . must '*specify where in the records the answers*

16  *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313,

17  322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*

18  *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*

19  *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

20      If a party "fails to obey an order to provide or permit discovery," the court

21  may "issue further just orders," including:  prohibiting the disobedient party from

22  supporting or opposing designated claims or defenses, or from introducing

23  designated matters in evidence; striking pleadings in whole or in part; dismissing

24  the action or proceeding in whole or in part; or rendering a default judgment against

25  the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very

26  severe," is justified based upon a showing of "willfulness, bad faith, and fault."

27  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

28  when evaluating termination sanctions; Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most

critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058. The party facing the sanctions "'carries the burden of demonstrating that the failure to comply with" disclosure rules "is substantially justified or harmless.'" *Haas,* 679 F. Supp. 3d at 966 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist of nonprivileged matters that are relevant to a party's claim or defense, pursuant to Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to the subject interrogatories[.]" Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A. Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive response to each and every interrogatory referring to his prior court filings, which is tantamount to a complete failure to respond. Fed. R. Civ. P. 37(a)(4). Plaintiff's repeated failures to serve compliant responses thwarts the very purpose of discovery, which is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has prejudiced CSU's ability to evaluate and/or resolve this dispute. This matter cannot be tried on the merits because CSU currently has no access to the "true facts" of the case, beyond the information within its own possession. Importantly, this Court already warned Plaintiff of the potential for sanctions, including termination sanctions, that may result from his "failure timely to comply fully" with the Court's Discovery Order. Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A. Due to Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks sanctions including attorney's fees and dismissal of this action or, in the alternative, an order excluding Plaintiff's evidence at

1    **Opposing Party's Position**:  Plaintiff provided his response in a separate

2    document.  *See* Matsushima Decl., ¶ 18, Ex. I.

3    **XV.  INTERROGATORY NO. 15**

4    **Interrogatory:**  STATE ALL FACTS RELATING TO YOUR meeting with

5    WATKINS, as referenced in paragraph 60 of the COMPLAINT.

6    **Response:**  Plaintiff provides this response based on either his current

7    recollection, memory, and information reasonably available, or its entirety.

8    Plaintiff, a witness to the events, specifically reaffirms that his *Complaint* serves as

9    the true integrity of the response to this interrogatory.

10    **Moving Party's Position:**  A party may serve on any other party written

11    interrogatories that "may relate to any matter that may be inquired into under Rule

12    26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

13    party to whom they are directed," and the answering party must sign the responses.

14    *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

15    In responding to discovery, an "evasive or incomplete disclosure, answer, or

16    response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

17    have "unambiguously" rejected as deficient the assertion that the requested

18    information is already in the propounding party's possession.  *Nat'l Acad. of*

19    *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

20    Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

21    "'answer an interrogatory by specifying records from which the answers may be

22    obtained and by making the records available for inspection,'" a "party that elects

23    to avail itself of this option . . . must '*specify where in the records the answers*

24    *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313,

25    322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*

26    *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*

27    *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

28    If a party "fails to obey an order to provide or permit discovery," the court

may "issue further just orders," including:  prohibiting the disobedient party from
supporting or opposing designated claims or defenses, or from introducing
designated matters in evidence; striking pleadings in whole or in part; dismissing
the action or proceeding in whole or in part; or rendering a default judgment against
the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very
severe," is justified based upon a showing of "willfulness, bad faith, and fault."
*Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider
when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most
critical factor to be considered in case-dispositive sanctions is whether 'a party's
discovery violations make it impossible for a court to be confident that the parties
will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at
1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions
"'carries the burden of demonstrating that the failure to comply with" disclosure
rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966
(quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist
of nonprivileged matters that are relevant to a party's claim or defense, pursuant to
Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to
the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.
Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive
response to each and every interrogatory referring to his prior court filings, which is
tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's
repeated failures to serve compliant responses thwarts the very purpose of
discovery, which is "to remove surprise from trial preparation so the parties can
obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.
Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has
prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

1   be tried on the merits because CSU currently has no access to the "true facts" of the

2   case, beyond the information within its own possession.  Importantly, this Court

3   already warned Plaintiff of the potential for sanctions, including termination

4   sanctions, that may result from his "failure timely to comply fully" with the Court's

5   Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

6   Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

7   sanctions including attorney's fees and dismissal of this action or, in the alternative,

8   an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

9        **Opposing Party's Position**:  Plaintiff provided his response in a separate

10   document.  *See* Matsushima Decl., ¶ 18, Ex. I.

11   **XVI.  INTERROGATORY NO. 16**

12        **Interrogatory:**  STATE ALL FACTS RELATING TO YOUR discussion(s)

13   with Jodi Johnson, as referenced in paragraph 62 of the COMPLAINT.

14        **Response:**  Plaintiff provides this response based on either his current

15   recollection, memory, and information reasonably available, or its entirety.

16   Plaintiff, a witness to the events, specifically reaffirms that his *Complaint* serves as

17   the true integrity of the response to this interrogatory.

18        **Moving Party's Position:**  A party may serve on any other party written

19   interrogatories that "may relate to any matter that may be inquired into under Rule

20   26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

21   party to whom they are directed," and the answering party must sign the responses.

22   *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

23        In responding to discovery, an "evasive or incomplete disclosure, answer, or

24   response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

25   have "unambiguously" rejected as deficient the assertion that the requested

26   information is already in the propounding party's possession.  *Nat'l Acad. of*

27   *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

28   Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

"'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including:  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very severe," is justified based upon a showing of "willfulness, bad faith, and fault." *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions "'carries the burden of demonstrating that the failure to comply with" disclosure rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist of nonprivileged matters that are relevant to a party's claim or defense, pursuant to Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A. Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

1   response to each and every interrogatory referring to his prior court filings, which is

2   tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

3   repeated failures to serve compliant responses thwarts the very purpose of

4   discovery, which is "to remove surprise from trial preparation so the parties can

5   obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

6   *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

7       Plaintiff's failure to meaningfully participate in the discovery process has

8   prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

9   be tried on the merits because CSU currently has no access to the "true facts" of the

10  case, beyond the information within its own possession.  Importantly, this Court

11  already warned Plaintiff of the potential for sanctions, including termination

12  sanctions, that may result from his "failure timely to comply fully" with the Court's

13  Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

14  Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

15  sanctions including attorney's fees and dismissal of this action or, in the alternative,

16  an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

17      **Opposing Party's Position**:  Plaintiff provided his response in a separate

18  document.  *See* Matsushima Decl., ¶ 18, Ex. I.

19  **XVII. INTERROGATORY NO. 17**

20      **Interrogatory**:  STATE ALL FACTS RELATING TO YOUR interaction

21  with Marilyn Mendoza, as referenced in paragraph 65 of the COMPLAINT.

22      **Response:**  Plaintiff provides this response based on either his current

23  recollection, memory, and information reasonably available, or its entirety.

24  Plaintiff, a witness to the events, specifically reaffirms to the entirety of all his

25  given information towards case number 2:24-cv-03791 as the true integrity of the

26  response to this interrogatory.

27      **Moving Party's Position:**  A party may serve on any other party written

28  interrogatories that "may relate to any matter that may be inquired into under Rule

26(b)." Fed. R. Civ. P. 33(a). "The interrogatories must be answered . . . by the party to whom they are directed," and the answering party must sign the responses. *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . respond." *Id.* at Rule 37(a)(4). Courts have "unambiguously" rejected as deficient the assertion that the requested information is already in the propounding party's possession. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009). Moreover, although Rule 33(d) permits the responding party to "'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found*.'" *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including: prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party. Rule 37(b)(2)(A). A terminating sanction, while "very severe," is justified based upon a showing of "willfulness, bad faith, and fault." *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider when evaluating termination sanctions; Fed. R. Civ. P. 37(b)(2)(A)(v). "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058. The party facing the sanctions

"'carries the burden of demonstrating that the failure to comply with" disclosure

rules "is substantially justified or harmless.'" *Haas,* 679 F. Supp. 3d at 966

(quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist

of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

the subject interrogatories[.]" Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

response to each and every interrogatory referring to his prior court filings, which is

tantamount to a complete failure to respond. Fed. R. Civ. P. 37(a)(4). Plaintiff's

repeated failures to serve compliant responses thwarts the very purpose of

discovery, which is "to remove surprise from trial preparation so the parties can

obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel.*

*Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has

prejudiced CSU's ability to evaluate and/or resolve this dispute. This matter cannot

be tried on the merits because CSU currently has no access to the "true facts" of the

case, beyond the information within its own possession. Importantly, this Court

already warned Plaintiff of the potential for sanctions, including termination

sanctions, that may result from his "failure timely to comply fully" with the Court's

Discovery Order. Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A. Due to

Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

sanctions including attorney's fees and dismissal of this action or, in the alternative,

an order excluding Plaintiff's evidence at trial. Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**: Plaintiff provided his response in a separate

document. *See* Matsushima Decl., ¶ 18, Ex. I.

XVIII.    **INTERROGATORY NO. 18**

**Interrogatory:** STATE ALL FACTS RELATING TO YOUR interaction with Executive Assistant Robin Ferguson, as referenced in paragraph 66 of the COMPLAINT.

**Response:** Plaintiff provides this response based on either his current recollection, memory, and information reasonably available, or its entirety. Plaintiff, a witness to the events, specifically reaffirms that his *Complaint* serves as the true integrity of the response to this interrogatory.

**Moving Party's Position:** A party may serve on any other party written interrogatories that "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a). "The interrogatories must be answered . . . by the party to whom they are directed," and the answering party must sign the responses. *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . respond." *Id.* at Rule 37(a)(4). Courts have "unambiguously" rejected as deficient the assertion that the requested information is already in the propounding party's possession. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009). Moreover, although Rule 33(d) permits the responding party to "'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found*.'" *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including: prohibiting the disobedient party from

1   supporting or opposing designated claims or defenses, or from introducing

2   designated matters in evidence; striking pleadings in whole or in part; dismissing

3   the action or proceeding in whole or in part; or rendering a default judgment against

4   the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very

5   severe," is justified based upon a showing of "willfulness, bad faith, and fault."

6   *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

7   when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most

8   critical factor to be considered in case-dispositive sanctions is whether 'a party's

9   discovery violations make it impossible for a court to be confident that the parties

10  will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

11  1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions

12  "'carries the burden of demonstrating that the failure to comply with" disclosure

13  rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

14  (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

15      Here, the Magistrate Judge previously found that CSU's interrogatories consist

16  of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

17  Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

18  the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

19  Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

20  response to each and every interrogatory referring to his prior court filings, which is

21  tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

22  repeated failures to serve compliant responses thwarts the very purpose of

23  discovery, which is "to remove surprise from trial preparation so the parties can

24  obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.

25  Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

26      Plaintiff's failure to meaningfully participate in the discovery process has

27  prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

28  be tried on the merits because CSU currently has no access to the "true facts" of the

case, beyond the information within its own possession.  Importantly, this Court already warned Plaintiff of the potential for sanctions, including termination sanctions, that may result from his "failure timely to comply fully" with the Court's Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks sanctions including attorney's fees and dismissal of this action or, in the alternative, an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**:  Plaintiff provided his response in a separate document.  *See* Matsushima Decl., ¶ 18, Ex. I.

## XIX. INTERROGATORY NO. 19

**Interrogatory:**  STATE ALL FACTS RELATING TO YOUR contention that CSU chose "not to accommodate Plaintiff for his fears, worries, and stress from the members of the University," as alleged in paragraph 74 of the COMPLAINT.

**Response:**  Plaintiff provides this response based on either his current recollection, memory, and information reasonably available, or its entirety. Plaintiff, a witness to the events, specifically emphasizes that his claims are not an allegation, as characterized by this interrogatory, but rather is factual. On the basis of Plaintiff's previously stated emphasis aforementioned above, Plaintiff specifically reaffirms to the entirety of all his given information towards case number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

**Moving Party's Position:**  A party may serve on any other party written interrogatories that "may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the party to whom they are directed," and the answering party must sign the responses. *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts have "unambiguously" rejected as deficient the assertion that the requested

1  information is already in the propounding party's possession.  *Nat'l Acad. of*
2  *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.
3  Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to
4  "'answer an interrogatory by specifying records from which the answers may be
5  obtained and by making the records available for inspection,'" a "party that elects
6  to avail itself of this option . . . must '*specify where in the records the answers*
7  *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313,
8  322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*
9  *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*
10  *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

11     If a party "fails to obey an order to provide or permit discovery," the court
12  may "issue further just orders," including:  prohibiting the disobedient party from
13  supporting or opposing designated claims or defenses, or from introducing
14  designated matters in evidence; striking pleadings in whole or in part; dismissing
15  the action or proceeding in whole or in part; or rendering a default judgment against
16  the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very
17  severe," is justified based upon a showing of "willfulness, bad faith, and fault."
18  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider
19  when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most
20  critical factor to be considered in case-dispositive sanctions is whether 'a party's
21  discovery violations make it impossible for a court to be confident that the parties
22  will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at
23  1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions
24  "'carries the burden of demonstrating that the failure to comply with" disclosure
25  rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966
26  (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

27     Here, the Magistrate Judge previously found that CSU's interrogatories consist
28  of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A. Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive response to each and every interrogatory referring to his prior court filings, which is tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's repeated failures to serve compliant responses thwarts the very purpose of discovery, which is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel. Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot be tried on the merits because CSU currently has no access to the "true facts" of the case, beyond the information within its own possession.  Importantly, this Court already warned Plaintiff of the potential for sanctions, including termination sanctions, that may result from his "failure timely to comply fully" with the Court's Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks sanctions including attorney's fees and dismissal of this action or, in the alternative, an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**:  Plaintiff provided his response in a separate document.  *See* Matsushima Decl., ¶ 18, Ex. I.

## XX. INTERROGATORY NO. 20

**Interrogatory:**  STATE ALL FACTS in support of YOUR contention that CSU's actions or inactions negatively impacted YOUR participation and experience in the MBA program, as alleged in paragraph 74 of the COMPLAINT.

**Response:**  Plaintiff provides this response based on either his current recollection, memory, and information reasonably available, or its entirety. Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

allegation, as characterized by this interrogatory, but rather is factual. On the basis
of Plaintiff's previously stated emphasis aforementioned above, Plaintiff
specifically reaffirms to the entirety of all his given information towards case
number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

**Moving Party's Position:**  A party may serve on any other party written
interrogatories that "may relate to any matter that may be inquired into under Rule
26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the
party to whom they are directed," and the answering party must sign the responses.
*Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

In responding to discovery, an "evasive or incomplete disclosure, answer, or
response must be treated as a failure to . . . respond." *Id.* at Rule 37(a)(4).  Courts
have "unambiguously" rejected as deficient the assertion that the requested
information is already in the propounding party's possession. *Nat'l Acad. of
Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.
Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to
"'answer an interrogatory by specifying records from which the answers may be
obtained and by making the records available for inspection,'" a "party that elects
to avail itself of this option . . . must '*specify where in the records the answers
[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313,
322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada
Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney
Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court
may "issue further just orders," including:  prohibiting the disobedient party from
supporting or opposing designated claims or defenses, or from introducing
designated matters in evidence; striking pleadings in whole or in part; dismissing
the action or proceeding in whole or in part; or rendering a default judgment against
the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very

1   severe," is justified based upon a showing of "willfulness, bad faith, and fault."

2   *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

3   when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most

4   critical factor to be considered in case-dispositive sanctions is whether 'a party's

5   discovery violations make it impossible for a court to be confident that the parties

6   will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

7   1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions

8   "'carries the burden of demonstrating that the failure to comply with" disclosure

9   rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

10  (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

11        Here, the Magistrate Judge previously found that CSU's interrogatories consist

12  of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

13  Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

14  the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

15  Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

16  response to each and every interrogatory referring to his prior court filings, which is

17  tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

18  repeated failures to serve compliant responses thwarts the very purpose of

19  discovery, which is "to remove surprise from trial preparation so the parties can

20  obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

21  *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

22        Plaintiff's failure to meaningfully participate in the discovery process has

23  prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

24  be tried on the merits because CSU currently has no access to the "true facts" of the

25  case, beyond the information within its own possession.  Importantly, this Court

26  already warned Plaintiff of the potential for sanctions, including termination

27  sanctions, that may result from his "failure timely to comply fully" with the Court's

28  Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

1   Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

2   sanctions including attorney's fees and dismissal of this action or, in the alternative,

3   an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

4       **Opposing Party's Position**:  Plaintiff provided his response in a separate

5   document.  *See* Matsushima Decl., ¶ 18, Ex. I.

6   **XXI. INTERROGATORY NO. 21**

7       **Interrogatory:**  STATE ALL FACTS in support of YOUR allegation that

8   Professor Thomas Wedel utilized inappropriate examples of YOUR "situation" in

9   the Systems and Operations Management course, as alleged in paragraphs 75 and

10  76 of the COMPLAINT.

11      **Response:**  Plaintiff provides this response based on either his current

12  recollection, memory, and information reasonably available, or its entirety.

13  Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

14  allegation, as characterized by this interrogatory, but rather is factual. On the basis

15  of Plaintiff's previously stated emphasis aforementioned above, Plaintiff

16  specifically reaffirms to the entirety of all his given information towards case

17  number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

18      **Moving Party's Position:**  A party may serve on any other party written

19  interrogatories that "may relate to any matter that may be inquired into under Rule

20  26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

21  party to whom they are directed," and the answering party must sign the responses.

22  *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

23      In responding to discovery, an "evasive or incomplete disclosure, answer, or

24  response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

25  have "unambiguously" rejected as deficient the assertion that the requested

26  information is already in the propounding party's possession.  *Nat'l Acad. of*

27  *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

28  Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

"'answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection,'" a "party that elects to avail itself of this option . . . must '*specify where in the records the answers [can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

If a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including:  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very severe," is justified based upon a showing of "willfulness, bad faith, and fault." *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions "'carries the burden of demonstrating that the failure to comply with" disclosure rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist of nonprivileged matters that are relevant to a party's claim or defense, pursuant to Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A. Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

response to each and every interrogatory referring to his prior court filings, which is tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's repeated failures to serve compliant responses thwarts the very purpose of discovery, which is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel. Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot be tried on the merits because CSU currently has no access to the "true facts" of the case, beyond the information within its own possession.  Importantly, this Court already warned Plaintiff of the potential for sanctions, including termination sanctions, that may result from his "failure timely to comply fully" with the Court's Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks sanctions including attorney's fees and dismissal of this action or, in the alternative, an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**:  Plaintiff provided his response in a separate document.  *See* Matsushima Decl., ¶ 18, Ex. I.

## XXII. INTERROGATORY NO. 22

**Interrogatory:**  STATE ALL FACTS in support of YOUR allegation that CSU engaged in "retaliatory and discriminatory conduct against [YOU] for reporting students who were cheating, reporting their faculties misconduct, participating in religious activities, rightfully protesting against Antisemitism, and for reporting a faculty member to the [United States Department of Education Office of Civil Rights], by harassing, threatening, disciplining, and punishing [YOU] through charges of violation, suspension, and probation in an attempt to prevent [YOU] from ever engaging in the participation of [YOUR] protected activities," as alleged in paragraph 90 of the COMPLAINT.

1   **Response:**  Plaintiff provides this response based on either his current

2   recollection, memory, and information reasonably available, or its entirety.

3   Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

4   allegation, as characterized by this interrogatory, but rather is factual. On the basis

5   of Plaintiff's previously stated emphasis aforementioned above, Plaintiff

6   specifically reaffirms to the entirety of all his given information towards case

7   number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

8      **Moving Party's Position:**  A party may serve on any other party written

9   interrogatories that "may relate to any matter that may be inquired into under Rule

10   26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

11   party to whom they are directed," and the answering party must sign the responses.

12   *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

13      In responding to discovery, an "evasive or incomplete disclosure, answer, or

14   response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

15   have "unambiguously" rejected as deficient the assertion that the requested

16   information is already in the propounding party's possession.  *Nat'l Acad. of*

17   *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

18   Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

19   "'answer an interrogatory by specifying records from which the answers may be

20   obtained and by making the records available for inspection,'" a "party that elects

21   to avail itself of this option . . . must '*specify where in the records the answers*

22   *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313,

23   322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*

24   *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*

25   *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

26      If a party "fails to obey an order to provide or permit discovery," the court

27   may "issue further just orders," including:  prohibiting the disobedient party from

28   supporting or opposing designated claims or defenses, or from introducing

designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very severe," is justified based upon a showing of "willfulness, bad faith, and fault." *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions "'carries the burden of demonstrating that the failure to comply with" disclosure rules "is substantially justified or harmless.'" *Haas,* 679 F. Supp. 3d at 966 (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

Here, the Magistrate Judge previously found that CSU's interrogatories consist of nonprivileged matters that are relevant to a party's claim or defense, pursuant to Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A. Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive response to each and every interrogatory referring to his prior court filings, which is tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's repeated failures to serve compliant responses thwarts the very purpose of discovery, which is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel. Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot be tried on the merits because CSU currently has no access to the "true facts" of the case, beyond the information within its own possession.  Importantly, this Court

1  already warned Plaintiff of the potential for sanctions, including termination

2  sanctions, that may result from his "failure timely to comply fully" with the Court's

3  Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

4  Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

5  sanctions including attorney's fees and dismissal of this action or, in the alternative,

6  an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

7  **Opposing Party's Position**:  Plaintiff provided his response in a separate

8  document.  *See* Matsushima Decl., ¶ 18, Ex. I.

9  **XXIII.    INTERROGATORY NO. 23**

10  **Interrogatory:**  STATE ALL FACTS in support of YOUR allegation that

11  CSU marked YOU as a "high-level threat," as alleged in paragraph 91 of the

12  COMPLAINT.

13  **Response:**  Plaintiff provides this response based on either his current

14  recollection, memory, and information reasonably available, or its entirety.

15  Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

16  allegation, as characterized by this interrogatory, but rather is factual. On the basis

17  of Plaintiff's previously stated emphasis aforementioned above, Plaintiff

18  specifically reaffirms to the entirety of all his given information towards case

19  number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

20  **Moving Party's Position:**  A party may serve on any other party written

21  interrogatories that "may relate to any matter that may be inquired into under Rule

22  26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

23  party to whom they are directed," and the answering party must sign the responses.

24  *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

25  In responding to discovery, an "evasive or incomplete disclosure, answer, or

26  response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

27  have "unambiguously" rejected as deficient the assertion that the requested

28  information is already in the propounding party's possession.  *Nat'l Acad. of*

1   *Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

2   Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

3   "'answer an interrogatory by specifying records from which the answers may be

4   obtained and by making the records available for inspection,'" a "party that elects

5   to avail itself of this option . . . must '*specify where in the records the answers*

6   *[can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313,

7   322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada*

8   *Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney*

9   *Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

10       If a party "fails to obey an order to provide or permit discovery," the court

11   may "issue further just orders," including:  prohibiting the disobedient party from

12   supporting or opposing designated claims or defenses, or from introducing

13   designated matters in evidence; striking pleadings in whole or in part; dismissing

14   the action or proceeding in whole or in part; or rendering a default judgment against

15   the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very

16   severe," is justified based upon a showing of "willfulness, bad faith, and fault."

17   *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

18   when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most

19   critical factor to be considered in case-dispositive sanctions is whether 'a party's

20   discovery violations make it impossible for a court to be confident that the parties

21   will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

22   1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions

23   "'carries the burden of demonstrating that the failure to comply with" disclosure

24   rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

25   (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

26       Here, the Magistrate Judge previously found that CSU's interrogatories consist

27   of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

28   Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

response to each and every interrogatory referring to his prior court filings, which is

tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

repeated failures to serve compliant responses thwarts the very purpose of

discovery, which is "to remove surprise from trial preparation so the parties can

obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

*Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

Plaintiff's failure to meaningfully participate in the discovery process has

prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

be tried on the merits because CSU currently has no access to the "true facts" of the

case, beyond the information within its own possession.  Importantly, this Court

already warned Plaintiff of the potential for sanctions, including termination

sanctions, that may result from his "failure timely to comply fully" with the Court's

Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

sanctions including attorney's fees and dismissal of this action or, in the alternative,

an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

**Opposing Party's Position**:  Plaintiff provided his response in a separate

document.  *See* Matsushima Decl., ¶ 18, Ex. I.

## XXIV.     INTERROGATORY NO. 24

**Interrogatory:**  STATE ALL FACTS in support of YOUR allegation that

CSU created a "hostile environment," as alleged in paragraph 105 of the

COMPLAINT.

**Response:**  Plaintiff provides this response based on either his current

recollection, memory, and information reasonably available, or its entirety.

Plaintiff, a witness to the events, specifically emphasizes that his claims are not an

allegation, as characterized by this interrogatory, but rather is factual. On the basis

1  of Plaintiff's previously stated emphasis aforementioned above, Plaintiff

2  specifically reaffirms to the entirety of all his given information towards case

3  number 2:24-cv-03791 as the true integrity of the response to this interrogatory.

4      **Moving Party's Position:**   A party may serve on any other party written

5  interrogatories that "may relate to any matter that may be inquired into under Rule

6  26(b)."  Fed. R. Civ. P. 33(a).  "The interrogatories must be answered . . . by the

7  party to whom they are directed," and the answering party must sign the responses.

8  *Id.* at Rule 33(b)(1)(A)-(2), (b)(5).

9      In responding to discovery, an "evasive or incomplete disclosure, answer, or

10  response must be treated as a failure to . . . respond."  *Id.* at Rule 37(a)(4).  Courts

11  have "unambiguously" rejected as deficient the assertion that the requested

12  information is already in the propounding party's possession.  *Nat'l Acad. of

13  Recording Arts & Scis., Inc. v. On Point Events*, *LP*, 256 F.R.D. 678, 682 (C.D.

14  Cal. 2009).  Moreover, although Rule 33(d) permits the responding party to

15  "'answer an interrogatory by specifying records from which the answers may be

16  obtained and by making the records available for inspection,'" a "party that elects

17  to avail itself of this option . . . must '*specify where in the records the answers

18  [can] be found*.'"  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313,

19  322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada

20  Inv. Corp.*, 711 F.2d 902, 906 (9th Cir.1983)) (italics added); *see also Walt Disney

21  Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996).

22      If a party "fails to obey an order to provide or permit discovery," the court

23  may "issue further just orders," including:  prohibiting the disobedient party from

24  supporting or opposing designated claims or defenses, or from introducing

25  designated matters in evidence; striking pleadings in whole or in part; dismissing

26  the action or proceeding in whole or in part; or rendering a default judgment against

27  the disobedient party.  Rule 37(b)(2)(A).  A terminating sanction, while "very

28  severe," is justified based upon a showing of "willfulness, bad faith, and fault."

1    *Connecticut Gen. Life Ins. Co.,* 482 F.3d at 1096 (discussing the factors to consider

2    when evaluating termination sanctions); Fed. R. Civ. P. 37(b)(2)(A)(v).  "The most

3    critical factor to be considered in case-dispositive sanctions is whether 'a party's

4    discovery violations make it impossible for a court to be confident that the parties

5    will ever have access to the true facts.'"  *Connecticut Gen. Life Ins. Co.,* 482 F.3d at

6    1097 (quoting *Valley Eng'rs,* 158 F.3d at 1058.  The party facing the sanctions

7    "'carries the burden of demonstrating that the failure to comply with" disclosure

8    rules "is substantially justified or harmless.'"  *Haas,* 679 F. Supp. 3d at 966

9    (quoting *Jarrow Formulas, Inc.,* 2012 WL 3186576, at *15).

10        Here, the Magistrate Judge previously found that CSU's interrogatories consist

11    of nonprivileged matters that are relevant to a party's claim or defense, pursuant to

12    Rule 26(b)(1), and ordered Plaintiff to "serve without objection verified answers to

13    the subject interrogatories[.]"  Disc. Order 1-2, ECF 67; Matsushima Decl., Ex. A.

14    Nevertheless, Plaintiff served only a boilerplate, garbled, incomplete, evasive

15    response to each and every interrogatory referring to his prior court filings, which is

16    tantamount to a complete failure to respond.  Fed. R. Civ. P. 37(a)(4).  Plaintiff's

17    repeated failures to serve compliant responses thwarts the very purpose of

18    discovery, which is "to remove surprise from trial preparation so the parties can

19    obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel.*

20    *Schwartz,* 211 F.R.D. at 392 (citing *Oakes,* 179 F.R.D. at 283).

21        Plaintiff's failure to meaningfully participate in the discovery process has

22    prejudiced CSU's ability to evaluate and/or resolve this dispute.  This matter cannot

23    be tried on the merits because CSU currently has no access to the "true facts" of the

24    case, beyond the information within its own possession.  Importantly, this Court

25    already warned Plaintiff of the potential for sanctions, including termination

26    sanctions, that may result from his "failure timely to comply fully" with the Court's

27    Discovery Order.  Disc. Order 2-3, ECF 67; Matsushima Decl., Ex. A.  Due to

28    Plaintiff's failure to comply with this Court's Discovery Order, CSU seeks

1  sanctions including attorney's fees and dismissal of this action or, in the alternative,

2  an order excluding Plaintiff's evidence at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (v).

3      **Opposing Party's Position**:  Plaintiff provided his response in a separate

4  document.  *See* Matsushima Decl., ¶ 18, Ex. I.

5

6  Dated:  February 25, 2025                Respectfully submitted,

7                                           ROB BONTA
                                            Attorney General of California
8                                           BENJAMIN G. DIEHL
                                            Supervising Deputy Attorney General
9

10

11                                          CRISTINA M. MATSUSHIMA
                                            Deputy Attorney General
12                                          *Attorneys for Defendant*

13

14  Dated:

15

16                                          EDWIN HAMID NAHAVANDI
17                                          Plaintiff in *Pro Per*

18  LA2024302735

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:    **Nahavandi v. Board of Trustees of the CSU**        No.    **2:24-cv-03791 RGK(Ex)**

I hereby certify that on <u>February 25, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### LOCAL RULE 37 JOINT STIPULATION IN SUPPORT OF DEFENDANT'S MOTION FOR TERMINATING SANCTIONS AND MONETARY SANCTIONS OR, IN THE ALTERNATIVE, EVIDENTIARY SANCTIONS

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>February 25, 2025</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Edwin Nahavandi
5710 Comanche Ave.
Woodland Hills, CA. 91367
<u>edwin.nahovandi@gmail.com</u>

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 25, 2025</u>, at Los Angeles, California.

| Cecilia Apodaca | */s/ Cecilia Apodaca* |
|---|---|
| Declarant | Signature |

LA2024302735
67451666.docx