IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWIN HAMID NAHAVANDI,** <br><br> Plaintiff, <br><br> v. <br><br> **BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,** <br><br> Defendant. | Case No. 2:24-cv-03791-RGK-MRWx <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS** <br><br> Date: March 28, 2025 <br> Time: 9:30 a.m. <br> Courtroom: 750 <br> Judge: Magistrate Judge Charles F. Eick |

This Court, having read and considered the papers submitted by the parties and finding good cause therefor, orders that Defendant Board of Trustees of the California State University's (CSU) Motion to for Sanctions against Plaintiff Edwin Hamid Nahavandi (Plaintiff) be GRANTED as follows:

CSU's request for terminating sanctions is granted, and Plaintiff's case is dismissed in its entirety. Plaintiff is further ordered to pay CSU $_____ in attorney's fees, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

OR

CSU's request for evidentiary sanctions is granted. Based upon the discovery Plaintiff failed to answer, Plaintiff is prohibited from introducing at trial any evidence regarding the following:

1. The identity of the roommate who Plaintiff references in paragraphs 10 through 15, 49, and 99 of the Complaint.
2. Any facts in support of Plaintiff's allegation that he experienced Antisemitic rhetoric and harassment from his roommate(s).
3. The identity of CSU faculty and staff who Plaintiff alleges harassed, threatened, and/or discriminated against his based on his race, religion, and/or national origin.
4. Any facts in support of Plaintiff's allegation that CSU retaliated against him due to his race, religion, or national origin.
5. The identity of CSU students who Plaintiff alleges harassed, threatened, or discriminated against him based on his race, religion, and/or national origin.
6. Any facts in support of Plaintiff's assertion in paragraph 38 of the Complaint that he was worried that CSU "might refuse to enforce the CSU's policies, and retaliate back[.]"
7. Any facts in support of Plaintiff's contention that a CSU student "wanted to physically harm" him, his "Jewish religion and community, and place of worship, which has children," as referenced in paragraph 38 of the Complaint.
8. Any facts in support of Plaintiff's contention that he received death threats from a CSU student.
9. Any facts in support of Plaintiff's content that he was subjected to antisemitic discrimination, harassment, or hate speech, including a description of the action itself, contents of such speech, the actor or speaker, and the time and location of the interaction.

10. Any facts in support of Plaintiff's contention that he was "scared to go into campus at night due to the fear of being harmed," as alleged in paragraph 47 of the Complaint.

11. Any facts in support of Plaintiff's allegations that CSU prevented him from filing complaints and/or reports regarding antisemitic harassment and discrimination.

12. Any facts in support of Plaintiff's allegation that his kippah and tefillin were stolen, as alleged in paragraph 50 of the Complaint.

13. Any facts in support of Plaintiff's contention that CSUN "allow[ed] Antisemitism," as stated in paragraph 55 of the Complaint.

14. Any facts relation to the "Antisemitic attacks towards Jewish people" referenced in paragraph 57 of the Complaint.

15. Any facts relating to Plaintiff's meeting with Dr. William Watkins, as referenced in paragraph 60 of the Complaint.

16. Any facts relating to Plaintiff's discussion with Jodi Johnson, as referenced in paragraph 62 of the Complaint.

17. Any facts relating to Plaintiff's interaction with Marilyn Mendoza, as referenced in paragraph 65 of the Complaint.

18. Any facts relating to Plaintiff's Executive Assistant Robin Ferguson, as referenced in paragraph 66 of the Complaint.

19. Any facts relating to Plaintiff's contention that CSU chose "not to accommodate Plaintiff for his fears, worries, and stress from the members of the University," as alleged in paragraph 74 of the Complaint.

20. Any facts in support of Plaintiff's contention that CSU's actions or inactions negatively impacted his participation and experience in the MBA program, as alleged in paragraph 74 of the Complaint.

21. Any facts in support of Plaintiff's allegation that Professor Thomas Wedel utilized inappropriate examples of his "situation" in the Systems and

|   |   |
|---|---|
| 1 | Operations Management course, as alleged in paragraphs 75 and 76 of |
| 2 | the Complaint. |
| 3 | 22. Any facts in support of Plaintiff's allegation that CSU engaged in |
| 4 | "retaliatory and discriminatory conduct against [him] for reporting |
| 5 | students who were cheating, reporting their faculties misconduct, |
| 6 | participating in religious activities, rightfully protesting against |
| 7 | Antisemitism, and for reporting a faculty member to the [United States |
| 8 | Department of Education Office of Civil Rights], by harassing, |
| 9 | threatening, disciplining, and punishing [him] through charges of |
| 10 | violation, suspension, and probation in an attempt to prevent [him] from |
| 11 | ever engaging in the participation of [his] protected activities," as alleged |
| 12 | in paragraph 90 of the Complaint. |
| 13 | 23. Any facts in support of Plaintiff's allegation that CSU marked him as a |
| 14 | "high-level threat," as alleged in paragraph 91 of the Complaint. |
| 15 | 24. Any facts in support of Plaintiff's allegation that CSU created a "hostile |
| 16 | environment," as alleged in paragraph 105 of the Complaint. |

Plaintiff is further ordered to pay CSU $_____ in attorney's fees, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

IT IS SO ORDERED.

Dated: _____    _____
                                  Magistrate Judge Charles F. Eick

4

# CERTIFICATE OF SERVICE

| Case Name: | **Nahavandi v. Board of Trustees of the CSU** | No. | **2:24-cv-03791 RGK(Ex)** |
|---|---|---|---|

I hereby certify that on <u>February 25, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>February 25, 2025</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Edwin Nahavandi
5710 Comanche Ave.
Woodland Hills, CA. 91367
edwin.nahovandi@gmail.com

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 25, 2025</u>, at Los Angeles, California.

| Cecilia Apodaca | */s/ Cecilia Apodaca* |
|---|---|
| Declarant | Signature |

LA2024302735
67451666.docx