UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03791-RGK-MRW | Date | May 1, 2025 |
|---|---|---|---|
| Title | *Edwin Hamid Nahavandi v. Board of Trustees of the California State University, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Defendant's Motion for Summary Judgment [DE 93]**

## I.     INTRODUCTION

On May 7, 2024, Edwin Hamid Nahavandi ("Plaintiff"), representing himself pro se, filed a Complaint against the Board of Trustees of the California State University ("CSU" or "Defendant") and several individuals. (ECF No. 1.) Following a Motion to Dismiss, Plaintiff asserts a claim for violation of Title VI of the Civil Rights Act against Defendant. (ECF No. 42.)

Presently before the Court is Defendant's Motion for Summary Judgment. (ECF No. 93.) For the following reasons, the Court **GRANTS** the Motion.

## II.     FACTUAL BACKGROUND

The following facts are undisputed:

Plaintiff is a Jewish student who enrolled in the Master of Business Administration program at California State University Northridge ("CSUN") during the Fall 2021, Fall 2022, and Spring 2023 semesters. (Matsushima Decl., Ex. C, ECF No. 93-9.) In September 2022, Plaintiff began making numerous reports and public allegations of cheating and professional misconduct against his peers and various CSUN faculty members. (*See, e.g.*, Watkins Decl., Ex. D, ECF No. 93-10.) In these reports and allegations, Plaintiff emphasized his Jewish faith, explaining that it was his "duty as a religious person" to report such conduct. (*Id.* at 1–2.) Unsurprisingly, Plaintiff's behavior ruffled quite a few feathers. According to Plaintiff, his peers retaliated against him by harassing him for his Jewish faith. (Watkins Decl., Ex. J, ECF No. 93-16.) This led to even more reports, mass emails, and even alarming messages by Plaintiff to his classmates through CSUN's Canvas messaging portal, in which Plaintiff claimed that he needed to "target certain actors" to avoid being "framed as a school shooter" and assassinated by contract killers hired by the United Nations. (Watkins Decl., Ex. EE, ECF No. 93-37; Watkins Decl., Ex. SS, ECF No. 93-51.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03791-RGK-MRW | Date | May 1, 2025 |
|---|---|---|---|
| Title | *Edwin Hamid Nahavandi v. Board of Trustees of the California State University, et al.* | | |

CSUN's administrators repeatedly tried to provide resources and assistance, but Plaintiff was uncooperative. (*See, e.g.*, Watkins Decl., Ex. J.) Consequently, administrators notified Plaintiff that his conduct appeared to violate the student conduct code, and scheduled meetings and hearings to determine whether disciplinary measures were necessary. (Watkins Decl., Ex. S, ECF No. 93-25.) After Plaintiff failed to attend multiple hearings, a disciplinary hearing officer concluded that Plaintiff had violated the student conduct code "by engaging in behavior that raised concerns of safety by the campus community and misused his CSUN email address in ways that were intimidating and abusive," and consequently suspended Plaintiff from all CSU campuses for one semester, effective Fall 2023. (Watkins Decl., Ex. HH, ECF No. 93-40.)

As of Spring 2023, Plaintiff has been eligible to reenroll. (*See id.*) According to CSU policies, if Plaintiff reenrolls, he will be placed on disciplinary probation until he completes his degree. (Watkins Decl., Ex. B at 249, ECF No. 93-8.) And upon graduation, his suspension and probation would be removed from his academic record. (*Id.* at 250.) However, Plaintiff has not attempted to reenroll at any CSU campus, and stated during his deposition that he does not have plans to reenroll. (Watkins Decl., Ex. LL at 12:17–22, ECF No. 93-44.)

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Upon such a showing, the Court may grant summary judgment on all or part of the claim. Fed. R. Civ. P. 56(a).

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *See Celotex*, 477 U.S. at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 96–97 (9th Cir. 1983). The non-moving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 324. The materiality of a fact is determined by whether it might influence the outcome of the case based on the contours of the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over such facts amount to genuine issues if a reasonable jury could resolve them in favor of the nonmoving party. *Id*.

### IV. DISCUSSION

Plaintiff asserts a clam for violation of Title VI of the Civil Rights Act against Defendant, seeking various forms of injunctive relief ordering Defendant to, among other things, remove the record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03791-RGK-MRW | Date | May 1, 2025 |
|---|---|---|---|
| Title | *Edwin Hamid Nahavandi v. Board of Trustees of the California State University, et al.* | | |

of Plaintiff's suspension and probation, enforce nondiscrimination policies, and take actions to combat antisemitism. Defendant moves for summary judgment, arguing that Plaintiff's claim fails for lack of standing and for lack of evidence to support the merits of his claim. The Court addresses each argument in turn.

### A. Standing

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). One of the essential components of the Article III case-or-controversy requirement is that a plaintiff must have standing. *Id.* To have standing, a plaintiff must establish: (1) an injury in fact; (2) that is traceable to the challenged conduct of the defendant; and (3) is likely to be "redressed by a favorable decision." *Id.* at 560–61.

Defendant argues that Plaintiff lacks standing because he seeks injunctive relief that would not redress any injury he allegedly sustained. According to Defendant, each form of Plaintiff's requested injunctive relief would benefit current and future students, not former students. And because Plaintiff is not currently a student, has not attempted to reenroll, and has not stated any plans to reenroll, he would not benefit from that relief. Defendant misses the mark. One of Plaintiff's requests is for "[a]n injunction preliminarily and permanently requiring Defendant[] to remove any records of [his] suspension and probation." (Compl. at 31.) Such an injunction would benefit Plaintiff regardless of whether he reenrolled. Accordingly, Plaintiff has standing.

### B. Merits

Under Title VI, a "program or activity receiving Federal financial assistance" may not discriminate against an individual "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. Antisemitism can amount to racial discrimination, and thus form the basis for a Title VI claim. *See Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617–18 (1987).

In his Complaint, Plaintiff broadly alleges that Defendant—a university that receives federal funding—violated Title VI through discrimination, harassment, and retaliation. However, in his Opposition, Plaintiff appears to focus solely on retaliation, arguing that Defendant suspended him for reporting antisemitism. Accordingly, the Court considers only retaliation.

Courts apply a burden-shifting framework when assessing claims for retaliation in violation of the various titles of the Civil Rights Act. *See Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012) (explaining the burden-shifting framework for sex-based discrimination under Titles VII and IX); *Barnes v. Gorman*, 536 U.S. 181, 185 (2002) ("[T]he Court has interpreted Title IX consistently with Title VI."). Under this framework, a plaintiff bears the initial burden of establishing a prima facie case of retaliation by showing: (1) that he was engaged in a protected activity; (2) that he suffered an adverse

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03791-RGK-MRW | Date | May 1, 2025 |
|---|---|---|---|
| Title | *Edwin Hamid Nahavandi v. Board of Trustees of the California State University, et al.* | | |

action; and (3) that there was a causal link between the two. *Emeldi*, 673 F.3d at 1223. If the plaintiff successfully establishes his prima facie case, the burden shifts to defendant to establish a "legitimate, non-retaliatory reason for the challenged action." *Id.* at 1224. If the defendant satisfies its burden, the burden shifts back to the plaintiff to establish that the proffered reason was merely pretextual. *Id.* Thus, a defendant is entitled to summary judgment if the undisputed facts show either that the plaintiff cannot establish a prima facie case, or that the defendant had a legitimate, non-retaliatory reason for the challenged action.

Here, Plaintiff appears to argue that Defendant violated Title VI by suspending him for reporting antisemitism. Defendant argues that this claim fails because the undisputed facts show that: (1) Plaintiff was not engaged in a protected Title VI activity; (2) to the extent that Plaintiff was engaged in a protected activity, there was no causal link between his suspension and that activity; and (3) Defendant had a legitimate, non-retaliatory reason for Plaintiff's suspension. The Court agrees as to Defendant's third argument.

Even assuming arguendo that Plaintiff could make a prima facie case for retaliation, the undisputed facts demonstrate that Defendant had a legitimate, non-retaliatory reason for suspending him—namely, his disruptive Canvas messages. Plaintiff's messages, which made vague but alarming references to targeting people, school shootings, and assassinations, raised safety concerns in violation of the student conduct code. Defendant's decision to suspend him based on those messages was plainly legitimate and non-retaliatory. Indeed, Plaintiff offers no evidence or argument to suggest otherwise. Thus, his claim fails.

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's only remaining claim.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. Defendant shall file a proposed final judgment within **seven days** of this Order.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | JRE/sf |