UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

closed

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-03791-RGK-E | Date | June 30, 2025 |
|---|---|---|---|
| Title | *Edwin Hamid Nahavandi v. Board of Trustees of The California State University et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Relief from Judgment [DE 120]

I. **INTRODUCTION**

On May 7, 2024, Edwin Hamid Nahavandi ("Plaintiff"), representing himself pro se, filed a Complaint against the Board of Trustees of the California State University ("CSU" or "Defendant") and three individuals in their official capacities as officers of CSU. (Compl., ECF No. 1.) Following a Motion to Dismiss, Plaintiff asserted a claim for violation of Title VI of the Civil Rights Act against Defendant. (Order Re: Mot. to Dismiss, ECF No. 42.)

Plaintiff, a former student at CSU Northridge ("CSUN"), alleged that he had suffered discrimination based on his Jewish faith, and that when he attempted to report it to Defendant, Defendant retaliated by suspending him. However, at the summary judgment stage, the evidence told a different story. Plaintiff had sent numerous harassing emails to over one hundred recipients, including CSUN administrators and professors, law enforcement agencies, and politicians. As a result, on March 14, 2023, CSUN notified Plaintiff of pending suspension proceedings, citing the "intimidating and abusive" emails as grounds for suspension. (Watkins Decl., Ex. AA, ECF No. 93-33.) Plaintiff nevertheless continued his pattern of conduct. For instance, in May 2023, he sent mass messages to his classmates through the university's Canvas messaging portal discussing plans to "target people" and referencing "school shooters" and "assassinations." (Watkins Decl., Ex. EE, ECF No. 93-37; Watkins Decl., Ex. SS, ECF No. 93-51.) Consequently, on August 22, 2023, CSUN issued a Notice of Final Decision Following Conduct Hearing, informing Plaintiff that he had been suspended for one semester. (Watkins Decl., Ex. HH, ECF No. 93-40.) This notice reiterated the reasons given in the March correspondence and added that Plaintiff's Canvas messages were an "aggravating factor" that further warranted his suspension. (*Id.*)

Based on this evidence, on May 1, 2025, the Court granted Defendant's Motion for Summary Judgment on the remaining claim, holding that Plaintiff's May 2023 Canvas messages made "vague but alarming references to targeting people, school shootings, and assassinations," which provided a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-03791-RGK-E | Date | |
|---|---|---|---|
| Title | *Edwin Hamid Nahavandi v. Board of Trustees of The California State University et al* | | |

"legitimate, non-retaliatory reason for Plaintiff's suspension." (Order Re: Mot. for Summ. J., ECF No. 115.)

Presently before the Court is Plaintiff's Motion for Relief from Summary Judgment. (Mot., ECF No. 120.) For the following reasons, the Court **DENIES** Plaintiff's Motion for Relief.

## II.     JUDICIAL STANDARD

A court has discretion to reconsider a judgment or order pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *Sch. Dist. No. 1J Mutnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A court should grant a motion for reconsideration only in "highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Further, Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

## III.    DISCUSSION

The Court granted summary judgment to Defendant CSU on Plaintiff's Title VI claim, holding that Defendant had a legitimate, non-retaliatory reason for suspending Plaintiff: namely, that Plaintiff had sent disruptive messages over Canvas in May 2023 that made "vague but alarming references to targeting people, school shootings, and assassinations." (Order Re: Def.'s Mot. for Summ. J. at 4.) Plaintiff appears to argue that the Court manifestly failed to consider material facts because other evidence in the record purportedly showed that those Canvas messages were not the reason for his suspension. Specifically, Plaintiff points to the March 14, 2023 notice of suspension proceedings, which made no mention of Canvas messages. (Watkins Decl., Ex. AA.) He contends that, had the Court properly considered the March notice, it would not have concluded that the Canvas messages were the grounds for his suspension and that those grounds were legitimate and non-retaliatory. Plaintiff misses the mark.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-03791-RGK-E | Date | |
|---|---|---|---|
| Title | *Edwin Hamid Nahavandi v. Board of Trustees of The California State University et al* | | |

Plaintiff is correct that the March notice did not refer to his May 2023 Canvas messages—it could not have, as it predated them. However, the March notice was only an initial notice to appear for a disciplinary hearing; it did not represent (or claim to represent) Defendant's full and final reasons for suspending Plaintiff. CSUN articulated those reasons in its August 11, 2023 final notice of suspension, which cited Plaintiff's May 2023 Canvas communication as a factor in its decision. (Watkins Decl., Ex. HH.) Plaintiff has offered no evidence or argument disputing that Defendant's final decision to suspend him took those messages into account. (Pl.'s Opp'n to Mot. for Summ. J. at 7, ECF No. 99.) The Court, therefore, appropriately accepted Defendant's reasons for suspension outlined in the final notice of suspension as accurate for the purpose of summary judgment and held that they were legitimate and non-retaliatory.

Accordingly, the Court **DENIES** Plaintiff's Motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Relief from Judgment.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |